IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-00187-WDM-KLM

LACKAWAXEN TELECOM, INC.,

    Plaintiff,

v.

SOUTH CANAAN CELLULAR EQUITY, LLC.;
SOUTH CANAAN CELLULAR INVESTMENTS, LLC.; and
SOUTH CANAAN TELEPHONE COMPANY,

    Defendants.

## ORDER ON MOTION FOR REMAND

Miller, J.

This matter is before me on Motion for Remand (doc no 6) filed by Plaintiff Lackawaxen Telecom, Inc., ("LTI"). Defendants oppose the motion. I have reviewed the parties' written arguments and find oral argument is not required. For the reasons that follow, LTI's motion will be granted.

### Background

LTI is the holder of a promissory note and related loan documents in connection with a loan of $7.5 million to South Canaan Cellular Equity, LLC, ("SCCE") and South Canaan Cellular Investments, LLC ("SCCI") (collectively "Borrowers"). Borrowers executed a master loan agreement, promissory note, and other documents on or around October 26, 2000 in favor of the original lender, who thereafter assigned them to LTI. As security for the loan, Borrowers also pledged their ownership interests in another entity, South Canaan Cellular Communications Company, L.P. ("SCCCC").

Specifically, SCCE agreed in a pledge agreement to grant the lender a first priority security title and lien interest in SCCE's 39.8% limited partnership interest in SCCCC. SCCI did the same, pledging its 1% general partnership interest in SCCCC to the lender. Defendant South Canaan Telephone Company ("SCTC") also provided security for the loan to Borrowers by pledging its 10.2% limited partnership interest in SCCCC for the benefit of the lender.

LTI alleges that Borrowers have defaulted on the loan by failing to make payments as required. Pursuant to its rights under the master loan agreement and pledge agreements, LTI seeks to assume and exercise the ownership rights of the Defendants in SCCCC. LTI filed a complaint in the District Court for the City and County of Denver, Colorado, on January 23, 2009, asserting claims for breach of contract and declaratory relief. LTI seeks, *inter alia*, a declaration regarding LTI's rights to exercise voting and other powers of ownership pertaining to the combined partnership interests of the Defendants in SCCCC. Shortly after the lawsuit was filed, Borrowers filed Chapter 11 petitions for bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania. SCTC did not file a bankruptcy petition. Borrowers then removed the case to this court pursuant to 28 U.S.C. § 1334, with the ultimate goal of transferring the entire case to the Eastern District of Pennsylvania. See Motion to Transfer (doc no 16).

LTI contends that the bankruptcy petitions were filed in bad faith and in order to prevent LTI from assuming its rights under the pledge agreements. It has filed a motion to dismiss in the bankruptcy court and is otherwise pursuing its remedies against Borrowers in that forum. There is no dispute that the automatic bankruptcy stay applies,

2

at least for now, to any pending claims against the Borrowers. The only active claims, therefore, are the declaratory judgment claims against SCTC, which LTI now seeks to remand to the state court.

Discussion

The parties agree that jurisdiction in this court, if it exists, arises only under 28 U.S.C. § 1334. Under this provision, district courts have original but not exclusive jurisdiction of all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, the same statute also provides that the district court may abstain from hearing such matters. 28 U.S.C. § 1334(c)(1). If the proceeding is based upon state law and is related to a case under title 11, but not arising under title 11 or arising in a case under title 11, and the action could not have been commenced in the district court absent jurisdiction under section 1334, then the district court "shall" abstain from hearing such proceeding if the matter can be timely adjudicated in state court. 28 U.S.C. § 1334(c)(2).

There is no real dispute that LTI's claims against SCTC do not arise under title 11 and do not arise in a case under title 11.[1] The claims concerns a loan and security agreement that preceded the bankruptcy petitions of Borrowers and are based on state contract law. SCTC is not a debtor in bankruptcy and it has an independent and ownership interest in SCCCC separate from the Borrowers. At most, LTI's claims

---

[1] A case or proceeding arises under title 11 if it "asserts a cause of action created by the [Bankruptcy] Code...." *In re Midgard Corp.*, 204 B.R. 764, 771 (B.A.P. 10th Cir.1997). A proceeding arises in a case under title 11 if it is a proceeding that "could not exist outside of a bankruptcy case" but is not a cause of action created specifically by title 11. *Midgard*, 204 B.R. at 771.

against SCTC are "related to" the proceedings now pending in the bankruptcy court.

A civil proceeding is related to a bankruptcy case if the outcome of that proceeding could affect the administration of the debtor's bankruptcy estate. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). However, "the existence of common issues of fact between a civil proceeding and a bankruptcy controversy does not automatically lead to federal jurisdiction over the civil matter." *ADT Security Servs., Inc. v. Firstline Security, Inc.,* Case No. 08-cv-00466-CMA-CBS, 2008 WL 5226376 at * 2 (D. Colo., Dec. 12, 2008) (citing *Pacor*, 743 F.2d at 994). LTI argues that its claims against SCTC are independent of those against the Borrowers because SCTC's interest in SCCCC is separate from the interests of Borrowers and is not part of the bankruptcy estate; moreover, SCTC signed a separate pledge agreement. Therefore, LTI contends that its pursuant of claims against this non-debtor will have no impact on the administration of the bankruptcy estates of the two Borrowers.

In response, the Borrowers appear to assume that LTI wishes to remand the claims against Borrowers to state court, which is incorrect. As LTI has made clear, it understands that those claims are subject to the automatic stay of the bankruptcy court and it is pursuing its remedies against Borrowers in the appropriate venue. SCTC also filed a response, in which it contends a proceeding could impact the bankruptcy estates of the Borrowers. Specifically, SCTC argues that if LTI exercises its remedies pursuant to the pledge agreement with SCTC, SCTC would be entitled to seek reimbursement as

4

a guarantor from the Borrowers, the principal debtors, which could conceivably affect the bankruptcy estates. SCTC also contends that if LTI were to gain access of SCTC's rights in SCCCC, LTI could position itself to dispose of collateral that is jointly owned and controlled by the Borrowers, somehow thereby impacting the administration of the bankruptcy estate. These arguments present speculative scenarios that are easily managed within the bankruptcy context. For example, if LTI is successful, any reimbursement action against Borrowers would be a separate proceeding; therefore, there is no direct impact on the estate from this case. Moreover, SCTC's rights as a guarantor existed before this action and its status is presumably already a factor in the bankruptcy estate. Similarly, any jointly held property of SCCCC would be protected to the same degree by the bankruptcy court whether SCTC keeps its ownership interest or that interest is exercised by LTI.

    I conclude that remand is appropriate. I agree with LTI that its claims against SCTC are independent of those against Borrowers and that proceeding with them will not impact the bankruptcy estates of the Borrowers. Because LTI's claims are based on state law, could not have been commenced in this district court absent jurisdiction under section 1334, and can be timely adjudicated in state court, remand is required by 28 U.S.C. § 1334(c)(2). If LTI is successful in dismissing the bankruptcy petitions, then the stay will be lifted and the claims against Borrowers may also proceed in state court. If not, then LTI has the inconvenience of litigating its claims against Borrowers in bankruptcy court and its claims against SCTC in Colorado state court.

    Accordingly, it is ordered:

    1.    The Motion for Remand (doc no 6) is granted. This matter is remanded to

the District Court for the City and County of Denver, Colorado.

2. The Motion to Transfer (doc no 16) is denied as moot.

DATED at Denver, Colorado, on April 1, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge